Collette Stark
2175 Cowley Way
San Diego, CA 92110
619-347-0726 (do not telemarket)

Plaintiff pro se

**FILED**

Jan 31 2024

**CLERK, U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
BY          s/ RodrigoContreras          **DEPUTY**

# UNITED STATES FEDERAL DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

Collette Stark, an individual,

        Plaintiff,

vs.

EC VENTURES CORP, a Florida corporation, and

EVAN RUNDLE, an individual

        Defendants

Case No.: **'24CV0207 JO    BGS**

*COMPLAINT*

*47 U.S.C. §227, ET SEQ (TCPA)*
*PC §632.7 AND PC 937.2 (CIPA)*
*CA CIVIL CODE §1770(A)(22)(A)*

Plaintiff Collette Stark (herein "Plaintiff" or "Stark") brings this Complaint for money damages and injunctive relief, demanding a trial by jury, against Defendant EC Ventures Corp (dba "NOVIQ"), a Florida corporation and Defendant Evan Rundle ("Rundle"), an individual, to stop said defendant from violating the Telephone Consumer Protection Act and the Telemarketing Sales Rule by sending telemarketing text messages and calling with prerecorded artificial voice messages to Plaintiff's personal residential cellular phone (ending in -0726),

COMPLAINT  47 U.S.C. §227, ET SEQ (TCPA) PC §632.7 AND PC 937.2 (CIPA)CA CIVIL CODE §1770(A)(22)(A) - 1

24cv

which is registered on www.donotcall.gov (the National Do Not Call Registry) without permission and without consent of Plaintiff.   Plaintiff Stark, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, including investigation conducted by Plaintiff[1].

1. Plaintiff is suing to stop Defendant Rundle's practice of sending text messages and calling using an "automatic telephone dialing system" ("ATDS") to the cellphones of consumers in San Diego county without their prior express consent, by obtaining an injunction prohibiting violation of the TCPA; (2) stop Defendant Rundle's practice of sending repeated text messages to consumers on the National Do Not Call Registry, which includes Plaintiff; (3) obtain an injunction prohibiting Defendant Rundle's continued illegal efforts to send text messages and make harassing calls to consumers, including Plaintiff; and (4) obtain redress for Plaintiff Stark who was injured by Defendant's conduct.

## PARTIES

2. Plaintiff Collette Stark is a natural person as defined by 47 USC §153(39), and a resident of San Diego, California at all times relevant to this action.

---

[1] See 21cv-01764-GPC-BLM at PageID.1 in ECF No. 1, *Trujillo vs. Encore Live, LLC* COMPLAINT  47 U.S.C. §227, ET SEQ (TCPA) PC §632.7 AND PC 937.2 (CIPA)CA CIVIL CODE §1770(A)(22)(A) - 2

24cv

Plaintiff was present in San Diego at all times relevant to this action and was also the owner and sole user of personal, private residential cellular phone number 619-347-0726[2].

3. Plaintiff has been repeatedly <u>called</u> and <u>texted</u> by EC Ventures Corp, directly, without consent, permission or authority, all in direct violation of express commands by Plaintiff to stop, cease and desist and by virtue of registration on www.donotcall.gov as well as Plaintiff's express demands directly to Defendant to stop all future calls and texts.   Plaintiff never provided Defendant or any of its agents, her cellular phone number.

4. Defendant EC Ventures Corp is a Florida corporation that conducts business throughout this District, in San Diego, California.  Defendant EC Ventures Corp is a "person" as defined by 47 USC §153(39).

5. Defendant Rundle is an individual that conducts business throughout this District, in San Diego, California.  Defendant Rundle is a "person" as defined by 47 USC §153(39).

6. EC Ventures Corp, dba Noviq, is owned by Evan Rundle and Evan Rundle is the CEO of said corporation.   Evan Rundle as goes by Evan Charles.

---

[2] For clarity, this number is not a hardwired landline, rather, it is a personal mobile cellular phone.
COMPLAINT  47 U.S.C. §227, ET SEQ (TCPA) PC §632.7 AND PC 937.2 (CIPA)CA CIVIL CODE §1770(A)(22)(A) - 3

24cv

7. Evan Rundle is also known as Evan Charles Rundle.

8. Terrell Istre is an employee of Evan Rundle and EC Ventures Corp.

9. Noviq is a registered federal service mark owned by EC Ventures Corp.

10. Defendant Rundle is in the business of selling short term rental real estate management services. Defendant Rundle uses the wires of the United States to harass and annoy DNC registered telephone owners with their solicitation calls to sell short term rental real estate management services to unsuspecting victims in California. Plaintiff is and was one of those victims that has been harassed by Defendant Rundle even though she has never done business with Defendant Rundle and even though she has registered her phone number with www.DoNotCall.gov, well over 31 days prior to the first violating call and text set forth below.

11. Defendant EC Ventures Corp is located in San Diego County, California at 939 5th Avenue, San Diego, CA 92101 but said corporation is not legally or lawfully registered to do business in California. Plaintiff is suing EC Ventures Corp and Rundle. Defendant's attorneys should not be confused here. Plaintiff repeats herself again, there two defendants named in this civil lawsuit and Plaintiff is specifically alleging that Defendant Rundle directly engaged in the illegal and offending conduct. Plaintiff is not alleging that

COMPLAINT 47 U.S.C. §227, ET SEQ (TCPA) PC §632.7 AND PC 937.2 (CIPA)CA CIVIL CODE §1770(A)(22)(A) - 4

24cv

some third party or some unrelated party made the calls or sent the texts complained of herein.

12. Evan Rundle is the Chief Financial Officer of Defendant EC Ventures.

13. Evan Rundle is a Director of Defendant EC Ventures.

14. Evan Rundle is the Secretary of Defendant EC Ventures.

15. Evan Rundle is the Responsible Managing Officer of Defendant EC Ventures.

16. Evan Rundle is the President of Defendant EC Ventures.

17. Evan Rundle is the Vice President of Defendant EC Ventures.

## JURISDICTION AND VENUE

18. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"). This is not a "diversity" of citizenship case. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012)

19. This Court has personal jurisdiction over Defendant Rundle since the Defendant Rundle conducts business in this District and specifically marketed to Plaintiff within this District relating to the business that it

COMPLAINT 47 U.S.C. §227, ET SEQ (TCPA) PC §632.7 AND PC 937.2 (CIPA)CA CIVIL CODE §1770(A)(22)(A) - 5

24cv

conducts here. Venue is proper in this District because Plaintiff resides in this District and the events leading to this case occurred in this District.

20. The Court has ancillary and supplemental jurisdiction, in its discretion, over the attendant state law claims that are part of a common nucleus of operative facts. Plaintiff hereby reserves the right to ask the Court to grant leave to amend this Complaint to later include state law claims after discovery has proven their common nucleus. Defendant Rundle is on notice that Defendant Rundle is being sued for violation of CIPA at Penal Code §632.7 and PC §637.2 for illegally recording its calls with Plaintiff without consent or disclosure.

21. Defendant EC Ventures Corp has purposefully directed its activities into California. Area code 619 is entirely within San Diego County.

22. Evan Rundle admitted on the phone that his corporation made the offending and violating calls complained of in this matter.

23. Evan Rundle admitted on the phone that he knew that using an auto-dialer to call phone numbers on the national do not call registry was illegal and that he could be sued for doing so.

COMPLAINT 47 U.S.C. §227, ET SEQ (TCPA) PC §632.7 AND PC 937.2 (CIPA)CA CIVIL CODE §1770(A)(22)(A) - 6

24cv

24. 47 USC §227, *et seq*, does not limit the number of civil lawsuits that a plaintiff can bring against any defendant or defendants that violate Title 47 of the Telephone Consumer Protection Act.

## INTRODUCTION

25. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). Plaintiff has registered her phone on www.donotcallgov.

26. In recent years a troubling trend has surfaced in construction and solar panel industry, cold calling consumers soliciting their services without their consent, including calls that are being placed to consumers that registered their phone numbers on the DNC.

27. This short-term rental real estate management services telemarketing trend has resulted in consumers, including this Plaintiff, being bombarded by unsolicited solicitation calls without their (or her) consent and in violation of the TCPA, in violation of CIPA, and Civil §1770.

28. The initial part of the call to Plaintiff was a prerecorded voice.

COMPLAINT  47 U.S.C. §227, ET SEQ (TCPA) PC §632.7 AND PC 937.2 (CIPA)CA CIVIL CODE §1770(A)(22)(A) - 7

24cv

29. In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), aff'd, 755 F.3d 1265 (11th Cir. 2014).

30. "Neither the TCPA nor its implementing regulations 'require an explicit mention of a good, product, or service' where the implication of an improper purpose is 'clear from the context.'" Id. (citing *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012)).

31. "'Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services." *Golan*, 788 F.3d at 820 (citing 47 C.F.R. § 64.1200(a)(2)(iii); 47 C.F.R. § 64.1200(f)(12); *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd at 14098 ¶ 141, 2003 WL 21517853, at *49).

32. The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003). This is true

COMPLAINT  47 U.S.C. §227, ET SEQ (TCPA) PC §632.7 AND PC 937.2 (CIPA)CA CIVIL CODE §1770(A)(22)(A) - 8

24cv

whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call or in the future. *Id.*

33. In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 136 (2003).

34. If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

35. Further, the FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages as they are for calls to wireless numbers. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009) (The FCC has determined that a text message falls within the meaning of "to make any call" in 47 U.S.C. § 227(b)(1)(A)); *Toney v. Quality Res., Inc.*, 2014 WL 6757978, at *3 (N.D. Ill. Dec. 1, 2014) (Defendant bears the burden of showing that it obtained Plaintiff's prior express consent before sending him the text message). (*emphasis added*).

COMPLAINT  47 U.S.C. §227, ET SEQ (TCPA) PC §632.7 AND PC 937.2 (CIPA)CA CIVIL CODE §1770(A)(22)(A) - 9

24cv

## COMMON ALLEGATIONS

36. Defendant EC Ventures Corp is short term rental real estate management services company, selling its services throughout San Diego County.

37. Defendant EC Ventures Corp which conducts business using the assumed name "Noviq" owns and operates the website, www.noviq.com.

38. Defendant EC Ventures Corp conducts telemarketing campaigns to sell its services to consumers throughout southern California. As part of those campaigns, unsolicited text messages are sent to cell phones of consumers across the county of San Diego by Defendant EC Ventures Corp. Plaintiff can assert and allege this detailed fact because Defendant's employee, Terrell Istre, expressly admitted it.

39. In placing unsolicited text messages to consumers, Defendant EC Ventures Corp sent multiple text messages to phone numbers that are registered on the DNC, such as Plaintiff's number (-0726).

40. In response to these text messages, Plaintiff Stark files this lawsuit seeking injunctive relief requiring Defendant EC Ventures Corp to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to Plaintiff Stark and costs ($405 filing fee plus service of process fees). The text messages were generic in nature and did not address

COMPLAINT 47 U.S.C. §227, ET SEQ (TCPA) PC §632.7 AND PC 937.2 (CIPA)CA CIVIL CODE §1770(A)(22)(A) - 10

24cv

Plaintiff by name. The text messages had the look and feel as though they were sent by a machine by the tens of thousands at a time.

41. When Defendant Rundle called, Plaintiff Stark heard a very clear "bubble popping" type sound followed by a rather long pause before an artificial-voice prerecorded message began to play on the call. Plaintiff was required to hit "1" to be transferred to a live operator. This happened on each and every call (not on the texts) that is the subject of this lawsuit. Many courts have held that this very same bubble popping and long pause are highly indicative of an ATDS being used. However, Defendant Rundle likely fails to comprehend that it is also violation of section 227(b)(1)(A) to use, and Defendant did in fact use, an artificial pre-recorded voice message to obtain a subsequent transfer to a live operator employee of Defendant.

42. Plaintiff and Defendant Rundle do not have a pre-existing business relationship. Plaintiff has never been a customer or client of Defendant's business. EC Ventures Corp is the alter ego of Defendant Rundle. Rundle operates a criminal enterprise through Defendant EC Ventures Corp. 47 USC §501 makes violation of 47 USC §227 a criminal act.

43. Specifically, the hardware and software used by Defendant EC Ventures Corp has the capacity to store and/or produce numbers using a random or

COMPLAINT 47 U.S.C. §227, ET SEQ (TCPA) PC §632.7 AND PC 937.2 (CIPA)CA CIVIL CODE §1770(A)(22)(A) - 11

24cv

sequential number generator, and to dial such numbers, *en masse*, in an automated fashion without human intervention.  Defendant Rundle's automated dialing equipment includes features substantially similar to a predictive dialer in that it is capable of sending numerous text messages and calls simultaneously, without human intervention.  The distinct bubble-popping sound and the long silent pause were, in Plaintiff vast experience, the clear indication that an ATDS robo-dialer was used by Defendant Rundle for the calls.

44. The text messages were sent by Defendant EC Ventures Corp with its knowledge and approval of the CEO of Defendant.  Defendant EC Ventures Corp knew about the messages, received the benefits of the messages, directed that the messages be sent, and/or ratified the sending of the messages by its employees using Defendant Rundle's computers and software.  The text messages were generic which indicates an ATDS was used by Defendant Rundle.

45. All of the text messages were sent via an ATDS at the direction and oversight of Defendant EC Ventures Corp.  Said Defendant knew about, directed, ratified, and benefitted from the solicitation text messages that it directly sent to Plaintiff.

24cv

46. Based on Plaintiff's vast knowledge and experience with these type of telemarketers, the equipment used to send the texts at issue has the capacity to use a random or sequential number generator in the process of storing numbers from a pre-produced list for texting at a later date.[3] Plaintiff alleges that this is exactly what Defendant EC Ventures Corp has done.

47. The equipment at issue, in this case, also has the capacity to produce telephone numbers using a random or sequential number generator. Specifically, the texting software, by virtue of being inextricably linked to a computer operating system, has the capacity to generate random or sequential telephone numbers. One of Defendant Rundle's employees expressly admitted that they were using an "auto dialing computer" to make the calls and send out the text messages in order to get California residents to buy their short term rental services. Defendant Rundle earns and gets paid a commission for each property owner that they sell their services to.

48. By sending unsolicited text messages as alleged herein, Defendant EC Ventures Corp has caused Plaintiff actual harm. This includes the aggravation, nuisance, and invasions of privacy that result from the

---

[3] 21-cv-01646-L-BLM, PageID.6, ECF No. 1, *Williams vs. Zeeto, LLC* (SD CA 9/20/21)

COMPLAINT 47 U.S.C. §227, ET SEQ (TCPA) PC §632.7 AND PC 937.2 (CIPA)CA CIVIL CODE §1770(A)(22)(A) - 13

24cv

placement of such text messages, in addition to the wear and tear on her phone, interference with the use of her phone, consumption of battery life, loss of value realized for monies she paid to her AT&T carrier for the receipt of such messages, and the diminished use, enjoyment, value, and utility of her telephone plan. Furthermore, Defendant EC Ventures Corp sent the messages knowing they trespassed against and interfered with Plaintiff's use and enjoyment of, and the ability to access, her phone, including the related data, software, and hardware components.

49. FCC regulations promulgated under the TCPA specifically prohibit Defendant Rundle from using an artificial or prerecorded voice to call Plaintiff's Number for the purpose of advertising or telemarketing absent Plaintiff's prior express written consent. See 47 C.F.R. § 64.1200(a)(2)[4]

**PLAINTIFF STARK'S ALLEGATIONS DIRECTLY AGAINST DEFENDANT EC VENTURES CORP and DEFENDANT RUNDLE**

50. Defendant EC Ventures Corp and Defendant Rundle called or texted Plaintiff Stark, on her DNC registered personal cell phone, 619-347-0726, on the following dates:

---

[4] 21-cv-02040-CAB-KSC, PageID.4 in ECF No. 1, *Johnson vs. Digital Media Solutions.*

a. September 27, 2023 from 337-965-6230 at 11:11 AM -- Call

b. September 29, 2023 from 337-965-6230 at 11:13 AM – Call

c. October 10, 2023 from 337-965-6230 at 11:31 AM—Call

d. October 14, 2023 from 337-965-6230 at 8:29 AM – Call

e. October 27, 2023 from 337-965-6230 at 10:29 AM – Call

f. October 28, 2023 from 337-965-6230 at 11:19 AM – Call

g. January 20, 2024 from 337-965-6230 at 10:36 AM - Call

h. January 21, 2024 from 337-965-6230 at 9:22 AM - Call

i. January 23, 2024 from 337-965-6230 at 8:10 AM - Call

j. January 29, 2024 from 337-965-6230 at 1:20 PM - Call

k. November 3, 2023 from 337-965-6230. –text message

l. November 4, 2023 from 337-965-6230. –text message

m. November 5, 2023 from 337-965-6230. –text message

51. The above dates, times, from what number and to what number is all the detail that is required under the TCPA. Nothing else is necessary at the initial pleading stage. *See* Rule 8 and Rule 10, FRCP. The Court is also respectfully requested to see each footnote and the cases that Plaintiff has cited from. While this TCPA Complaint was written by a pro per litigant, it

COMPLAINT 47 U.S.C. §227, ET SEQ (TCPA) PC §632.7 AND PC 937.2 (CIPA)CA CIVIL CODE §1770(A)(22)(A) - 15

24cv

was effectively lifted from TCPA complaints drafted by TCPA plaintiff lawyers.

52. There were, thus far, 10 calls (($1,500 + $1,500 +$5,000) *10 = $80,000)) and 3 text messages ($1,500 + $1,500  at times 3 = $9,000) from Defendant EC Ventures Corp and, jointly and severally, Defendant Rundle.

53. Defendant Rundle's employee admitted to Plaintiff that he did not dial Plaintiff's phone number by finger, but rather using a computer software that stores and automatically dials the phone numbers without any input.  The employee stated that once a person hit's "1" then the software connects or transfers the call to either him or another telemarketer in the office.

54. Replying "STOP" did not work.  Plaintiff received additional subsequent text messages from Defendant EC Ventures Corp.   Importantly, Plaintiff became angry on each telephone call making very clear that the caller must never telemarket her ever again.  And yet, Defendant EC Ventures Corp keeps calling and texting which demonstrates willful, intentional and malicious conduct.

55. The pre-recorded voice message at the beginning of each telephone solicitation call from Defendant Rundle (not a 3rd part or agent) stated: "*Would you like to increase your rental profits and free up your time? Press*

COMPLAINT  47 U.S.C. §227, ET SEQ (TCPA) PC §632.7 AND PC 937.2 (CIPA)CA CIVIL CODE §1770(A)(22)(A) - 16

24cv

*one to be connected*" or similar words to that affect. The TCPA does not require a plaintiff to be able to memorize and regurgitate every word that every telemarketer states.

56. Defendant EC Ventures Corp was calling to sell its rental management services to Plaintiff who was in California at the time.

57. Plaintiff Stark registered her cell phone number on the DNC more than 31 days prior to the above stated initial call, for the express purpose that she would not receive unsolicited calls or text messages.

58. Plaintiff Stark's phone number is used for personal, private residential use. Notwithstanding, mixed use phones are still fully protected.

59. The text messages that Plaintiff received are solicitations encouraging the purchase of Defendant Rundle's services.

60. The text messages were sent by Defendant EC Ventures Corp.

61. Defendant EC Ventures Corp expressly and overtly controlled the exact generic content of the text messages.

62. The text messages did not address Plaintiff by name. Thus they were sent by, with and through an automatic telephone dialing system or robo-dialer.

63. Said dialing system has the capacity to produce, store and randomly generate phone numbers and to dial those numbers without human intervention.

64. Plaintiff Stark never provided her phone number or her consent to Defendant EC Ventures Corp to receive any solicitation from them. Prior to receiving the text messages, Plaintiff had never visited any location or internet web page owned, used, or controlled by Defendant EC Ventures Corp

65. The unauthorized solicitation telephone text messages that Plaintiff received from Defendant Rundle, as alleged herein, have harmed Plaintiff Stark in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of her phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

66. Section 310.3(b) of the TSR prohibits providing substantial assistance or support to telemarketers when that person knows or consciously avoids knowing that the seller or telemarketer is engaged in any act or practice that violates the TSR. *United States v. Dish Network LLC*, No. 09-3073, 2017 U.S. Dist. LEXIS 85543, at *299 (C.D. Ill. June 5, 2017)

COMPLAINT  47 U.S.C. §227, ET SEQ (TCPA) PC §632.7 AND PC 937.2 (CIPA)CA CIVIL CODE §1770(A)(22)(A) - 18

24cv

67. The phone calls placed to Plaintiff's cellular telephone were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. §227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A). At one or more instance during these calls, Defendant EC Ventures Corp utilized an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

68. Defendant Rundle's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

69. Plaintiff is not a customer of Defendant Rundle's services and has never provided any personal information, including her cellular telephone number, to Defendant EC Ventures Corp for any purpose whatsoever. In addition, Plaintiff told Defendant EC Ventures Corp at least once to stop contacting her and Plaintiff has been registered on the Do-Not-Call Registry for at least thirty-one (31) days prior to Defendant EC Ventures Corp contacting her. Accordingly, Defendant EC Ventures Corp never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).[5]

---

[5] 21-cv-01204-H-WVG at PageID.4 in ECF No. 1, *Benitez vs. United Debt Settlement, LLC.*
COMPLAINT 47 U.S.C. §227, ET SEQ (TCPA) PC §632.7 AND PC 937.2 (CIPA)CA CIVIL CODE
§1770(A)(22)(A) - 19

24cv

70. Plaintiff did not have a personal relationship with Defendant EC Ventures Corp at any point in time.[6]

71. Defendant EC Ventures Corp did not make the telephone solicitations in error.

72. When Plaintiff answered calls from Defendant EC Ventures Corp, she heard a prerecorded message and had to wait on the line to be transferred to a live representative after pressing "1."

73. In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA. *See* In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014, ¶ 136 (2003).

74. If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. *See* In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

_____

[6] 21-cv-01123

COMPLAINT  47 U.S.C. §227, ET SEQ (TCPA) PC §632.7 AND PC 937.2 (CIPA)CA CIVIL CODE §1770(A)(22)(A) - 20

24cv

75. Plaintiff has never done business with Defendant Rundle or any of its employees.

76.  Defendant Rundle's initial portion of each call shown above, was a violation of 47 USC §227(b)(1)(A) because it was initially a prerecorded artificial voice.  That means the test of whether an ATDS was used is not relevant at this time.

77. Defendant EC Ventures Corp, through its employees and others, called Plaintiff to sell its real estate rental management services.  The calls were not placed by an unknown third party.  Defendant Rundle physically initiated the calls with a computer and physically sent the text message with their auto dialing software and equipment.

78. Defendant Rundle's illegal calls and illegal texts were and are the cause of Plaintiff damages, including statutory damages, which have been held to be sufficient damage and sufficient injury to pass Article III standing.

79. Defendant Rundle called Plaintiff's cellular telephone number, using an automatic telephone dialing system with a prerecorded artificial voice message introduction, without Plaintiff's prior express written consent, by robo-dialing Plaintiff's DNC registered phone number, devoid of any pre-existing or established business relationship.  Further, Defendant Rundle

COMPLAINT  47 U.S.C. §227, ET SEQ (TCPA) PC §632.7 AND PC 937.2 (CIPA)CA CIVIL CODE §1770(A)(22)(A) - 21

24cv

continued to seriously and substantially harass and annoy Plaintiff after Defendant Rundle was expressly and explicitly told to cease and desist.

80. Since Defendant Rundle has failed to provide a copy of its DNC policies and training procedures, within 30 days, then Defendant has violated the FCC and FTC regulations that are incorporated into 27 USC §227.

## TCPA CLAIMS FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227(b)(1)(A) <u>and</u> (c)(5))
### (Against Defendant EC Ventures Corp and Defendant Rundle)

81. Plaintiff Stark repeats and realleges paragraphs 1 through 80 of this Complaint and incorporates them by reference.

82. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

83. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action

COMPLAINT  47 U.S.C. §227, ET SEQ (TCPA) PC §632.7 AND PC 937.2 (CIPA)CA CIVIL CODE §1770(A)(22)(A) - 22

24cv

based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

84. Defendant EC Ventures Corp violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry participants (including Stark) who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

85. Defendant EC Ventures Corp violated 47 U.S.C. § 227(c)(5) because Plaintiff received more than one telephone text message in a 12-month period made by or on behalf of Defendant EC Ventures Corp in violation of 47 C.F.R. § 64.1200, as described above.

86. Defendant EC Ventures Corp failed to obtain any prior express consent that included, as required by 47 C.F.R. § 64.1200(f)(8)(i), a "clear and conspicuous" disclosure informing the person signing that:

(A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing text messages using an automatic telephone dialing system; and

COMPLAINT  47 U.S.C. §227, ET SEQ (TCPA) PC §632.7 AND PC 937.2 (CIPA)CA CIVIL CODE §1770(A)(22)(A) - 23

24cv

      (B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

87. As a result of Defendant's conduct as alleged herein, Plaintiff suffered actual damages and, under section 47 U.S.C. § 227(c), is entitled, *inter alia,* to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

88. Defendant EC Ventures Corp used an ATDS to both send text messages and to dial Plaintiff's phone number to play its artificial prerecorded voice message.

89. By sending unsolicited text messages to Plaintiff's cellular telephone without prior express consent, and by utilizing an ATDS, Defendant EC Ventures Corp violated 47 U.S.C. § 227(b)(1)(A)(iii).

90. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by Plaintiff.

91. Defendant EC VENTURES CORP violated 47 USC §227(b)(1)(A) by using an artificial prerecorded voice message and by sending generic unsolicited text messages with an ATDS, for which Plaintiff is entitled to $500 for each negligent violation and $1500 for each willful or knowing violation.

92. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, '*Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*.'" The Report and Order, in turn, provides as follows:

"The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers."

93. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing call made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

COMPLAINT  47 U.S.C. §227, ET SEQ (TCPA) PC §632.7 AND PC 937.2 (CIPA)CA CIVIL CODE §1770(A)(22)(A) - 25

24cv

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . .

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called

COMPLAINT  47 U.S.C. §227, ET SEQ (TCPA) PC §632.7 AND PC 937.2 (CIPA)CA CIVIL CODE §1770(A)(22)(A) - 26

24cv

party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long-distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

94. Here, Defendant EC Ventures Corp sent Plaintiff Stark multiple unsolicited text messages after she had submitted valid "STOP" and "BYE" requests.

COMPLAINT  47 U.S.C. §227, ET SEQ (TCPA) PC §632.7 AND PC 937.2 (CIPA)CA CIVIL CODE §1770(A)(22)(A) - 27

24cv

95. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

96. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## SECOND CLAIM FOR RELIEF
### Consumer Information Privacy Act
### (Violation of CA Penal Code §632.7 and §637.2)
### (Against Defendants EC Ventures Corp and Rundle)

97. Plaintiff Ewing repeats and realleges paragraphs 1 through 80 of this Complaint and incorporates them by reference.

98. The foregoing acts and omissions of Defendant EC Ventures Corp and Rundle constitute numerous and multiple knowing and/or willful violations of California's Invasion of Privacy Act. There is no claim for any PC §632 land-line violation in the lawsuit.

99. As a result of Defendant's knowing and/or willful violations of PC §632.7 and §637.2, Plaintiff is entitled to statutory damages of $5,000 per call that was illegally recorded without Plaintiff's knowledge or consent.

COMPLAINT  47 U.S.C. §227, ET SEQ (TCPA) PC §632.7 AND PC 937.2 (CIPA)CA CIVIL CODE §1770(A)(22)(A) - 28

24cv

100.　　Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

**THIRD CLAIM FOR RELIEF**
**Consumer Legal Remedies Act**
**(Violation of CA Civil Code §1770(a)(22)(A))**
**(Against Defendants EC Ventures Corp and Rundle)**

101.　　Plaintiff Ewing repeats and realleges paragraphs 1 through 80 of this Complaint and incorporates them by reference.

102.　　Defendants EC Ventures Corp and Rundle used and employed an artificial voice, prerecorded message, without consent or permission in advance, to initiate each call to Plaintiff.  Defendants were not selling loans or mortgages.

103.　　Plaintiff suffered harm by both Defendant's violation of California Civil Code §1770(a)(22)(A), inter alia, through the loss of use of his phone during each call as well as annoyance and harassment caused, proximately and actually, by Defendants EC Ventures Corp and Rundle.  Damages of $2500 per call for 11 of the 13 calls are hereby requested based on the harassment and civil stalking engaged in by Defendants.

104.　　Both Defendant's acts of unfair competition include, but are not limited to, the following:  (1) directly violated the TCPA at 47 USC §227(c)

COMPLAINT  47 U.S.C. §227, ET SEQ (TCPA) PC §632.7 AND PC 937.2 (CIPA)CA CIVIL CODE §1770(A)(22)(A) - 29

24cv

and its regulations at 47 C.F.R. §64.1200(c)(2), by engaging in a pattern or practice of initiating telephone solicitations to Plaintiff's residential telephone, whose telephone number was listed on the National Do Not Call Registry, and (2) directly violated 47 C.F.R. §64.1200(a)(2) and 47 USC §227(b)(1)(B), by engaging in a pattern or practice of initiating telephone solicitations to Plaintiff's residential telephone line, using artificial or prerecorded voices to deliver a message without the prior express consent of the called party and where the call was not initiated for emergency purposes or exempted by rule or order of the Federal Communications Commission under 47 USC §227(b)(2)(B).

105.    Both Defendants have directly violated California Business & Professions Code section 17592(c)(1) by making or causing to be made telephone calls to Plaintiff's California telephone number listed on the National Do Not Call Registry and seeking to rent, sell, promote, or lease goods or services (namely real estate rental without a DRE license) during those calls.

106.    Plaintiff is entitled to, and hereby seeks, both punitive and exemplary damages to send a clear message to Defendants and others like Defendants to cease and desist from violation of the law.

COMPLAINT  47 U.S.C. §227, ET SEQ (TCPA) PC §632.7 AND PC 937.2 (CIPA)CA CIVIL CODE §1770(A)(22)(A) - 30

24cv

107.    Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Stark, individually, prays for the following relief:

a) Damages as provided by statute and in the discretion of the Court;

b) An award of actual and/or statutory damages and costs plus treble damages if willful or knowing violations are shown;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) As a result of Defendant's negligent violations of 47 U.S.C. §227(b)(1) and §227(c)(5), Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) plus treble damages ($1,500 per call and per text), a total of $3,000 per call under the TCPA; plus $5,000 for each CIPA violation; plus $2500 for each §1770(a)(22)(A) violation;

e) An injunction requiring Defendant to cease all unsolicited calling activity that violates the TSR, the FTC Act and the TCPA, and to otherwise protect the interests Plaintiff Stark;

f) for exemplary and punitive damages against Defendant in an amount to

COMPLAINT 47 U.S.C. §227, ET SEQ (TCPA) PC §632.7 AND PC 937.2 (CIPA)CA CIVIL CODE §1770(A)(22)(A) - 31

24cv

be determined with exactness at trial herein; and

g) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Stark respectfully requests a jury trial.

Dated this 30th day of January, 2024.

/s/ Collette Stark
Collette Stark, Plaintiff